**Dated: October 19, 2026**
**The following is ORDERED:**

Jennie D. Latta
UNITED STATES BANKRUPTCY JUDGE

---

**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **In Re:** | ) | |
| | ) | **Case No. 26-23518** |
| **OMNI BAG, INC.,** | ) | **Chapter 11, Subchapter V** |
| | ) | **Judge Jennie D Latta** |
| **Debtor.** | ) | |

**AGREED ORDER RESOLVING MOTION TO PROHIBIT USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION TO TRUIST BANK**

This matter is before the Court on the *Motion to Prohibit Use of Cash Collateral* (Doc. 27, the "Motion"), filed on September 18, 2026, by Truist Bank, successor by acquisition to SunTrust Bank, ("Truist"), seeking an order prohibiting Omni Bag, Inc.'s (the "Debtor") use of Cash Collateral (as defined in the Motion). Truist and Debtor have reached an agreement resolving the Motion and providing that Debtor will make adequate protection payments to Truist in consideration for Debtor's use of the Cash Collateral securing Debtor's indebtedness to Truist.

Specifically, Truist and Debtor agree as follows:

1. The Court has jurisdiction over the matters raised in the Motion, and over the persons and property impacted by the Motion, pursuant to 28 U.S.C. §§ 157 and 1334. All matters raised in the Motion are core proceedings pursuant to 28 U.S.C. § 157(b). Venue for the Debtor's case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. On June 30, 2026 (the "Petition Date"), Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

3. Truist is a secured creditor of the Debtor in the amount of at least $1,678,142.51 as of the Petition Date, pursuant to Note 26 and Note 83 (together, the "Notes") as further described in the Motion.[1]

4. As security for the Notes, among other documents, Debtor executed the Note 26 Security Agreements and the Note 83 Security Agreement (together, the "Security Agreements"), granting Truist a security interest in all assets of the Debtor, including, without limitation, the Debtor's accounts, inventory, goods, deposit accounts, instruments, documents, general intangibles whether then existing or thereafter arising (the "Personal Property Collateral"), which includes all of the Debtor's cash and cash equivalents (the "Personal Property Cash Collateral").

5. Truist perfected its security interests in the Debtor's assets with the filing of a UCC Financing Statement, No. 429780419, on November 30, 2018, with the Tennessee Secretary of State, which was amended by UCC-3 Amendment No. 438583331, and which was continued by UCC-3 Amendment No. 438581888, (collectively, the "Note 83 Financing Statement").

6. As further security for Note 83, the Debtor executed the Note 83 Assignment of Rents, granting Truist a security interest in all rents and revenue from the Debtor Real Property

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion filed by Truist.

Collateral (collectively, the "Debtor Real Property Cash Collateral," and together with the Personal Property Cash Collateral, the "Cash Collateral").

7. In accordance with the Note 83 Financing Statement and the Note 83 Assignment of Rents, Truist has a perfected security interest in the Cash Collateral.

8. By virtue of Truist's perfected security interest in the Cash Collateral, Truist is entitled to adequate protection of its interests in the Cash Collateral pursuant to Sections 361 and 363 of the Bankruptcy Code.

9. Debtor requires the use of the Cash Collateral for ordinary and necessary operating expenses of its business. Absent the use of Cash Collateral, Debtor will not be able to meet its daily operating expenses and maintain its business operations.

10. Debtor and Truist hereby agree to resolve the Motion and agree to the Debtor's use of the Cash Collateral subject to the Debtor's compliance with the adequate protection provided for herein and the other terms and conditions of this Agreed Order.

After review of the Motion, the agreement of the parties, and the record as a whole,

IT IS, THEREFORE, ORDERED, as follows:

1. Truist's Motion is resolved with the entry of this Agreed Order.

2. Debtor is authorized to use the Cash Collateral for the expenses of its business upon the terms and conditions set forth in this Agreed Order.

3. Truist is entitled to adequate protection of its interest in the Cash Collateral, and Truist is hereby granted a post-petition replacement lien on property of Debtor pursuant to and in accordance with 11 U.S.C. §§ 361(2) and 552(b) to the extent of Cash Collateral actually expended, on the same assets and in the same order of priority to the extent validly held as of the Petition Date (the "Adequate Protection Lien").

4. As adequate protection for Debtor's use of the Cash Collateral, Debtor shall make adequate protection payments (the "Adequate Protection Payments") to Truist in the amount of $12,000.00 per month, commencing on October 15, 2026, and continuing on the fifteenth day of each subsequent month until Debtor's Chapter 11 Plan is confirmed.

5. All Adequate Protection Payments by Debtor to Truist shall be remitted via wire transfer pursuant to wiring instructions to be provided separately by Truist to Debtor.

6. Notwithstanding any provision herein to the contrary, Debtor is authorized to make payment of the fees of the United States Trustee pursuant to 28 U.S.C. § 1930(a) from Cash Collateral.

7. The Debtor is also authorized to use cash collateral for the purpose of payments of the administrative expense claims of the Subchapter V Trustee appointed in this case. Such payments shall be held in trust by the Subchapter V Trustee, subject to and disbursable only upon an order of the Court allowing fees and expenses of the Subchapter V Trustee.

8. In taking or refraining from any actions related to or in connection with this Agreed Order, Truist shall not be liable to any entity or deemed to be in control of or to be acting as Debtor's employer, employee, officer, contractor or agent or as a "responsible person" with respect to the operation or management of the Debtor, the Cash Collateral, or any other property of the Debtor's estate.

9. The automatic stay imposed by 11 U.S.C. § 362(a) is modified as necessary to effectuate all of the terms and provisions of this Agreed Order.

10. This Agreed Order is without prejudice to any party regarding any additional or further relief that may be sought by any party, and is not a waiver of rights of any party.

11. Nothing herein shall foreclose Truist from seeking other and further adequate protection of its interests in this case.

12. This Agreed Order shall not operate to modify, alter, impair, affect, abrogate, amend, restrict, or nullify any rights of Truist with respect to any person or entity other than the Debtor, nor to release, alter, impair, affect or abrogate any debts, claims, demand, actions and causes of action in law and equity, whether known or unknown, that Truist may have as to any person or entity other than the Debtor.

13. This Agreed Order is entered in a "core" proceeding as defined in 28 U.S.C. §§157(b)(2)(A) and (G), and if any provision of this Agreed Order is hereinafter modified, vacated or stayed by a subsequent order of this or any other Court, such modification, vacation or stay will not affect the validity and enforceability of any payment, lien, security interests, or other right granted to Truist pursuant to this Agreed Order prior to the effective date of such modification, vacation or stay.

14. The terms and conditions of this Agreed Order shall be immediately effective and enforceable upon entry of this Agreed Order.

15. This Court shall retain jurisdiction over all matters arising from or relating to the implementation of this Agreed Order.

###

APPROVED FOR ENTRY:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

By: /s/ Justin Sveadas
Justin Sveadas (TN Bar No. 022305)
Malia G. Bennett (TN Bar No. 041215)
633 Chestnut Street, Suite 1900
Chattanooga, Tennessee 37450
Phone: (423) 756-2010
Fax: (423) 756-3447
Email: jsveadas@bakerdonelson.com
mbennett@bakerdonelson.com

***Attorneys for Truist Bank, successor by acquisition to SunTrust Bank***

LAW OFFICE OF TONI CAMPBELL PARKER

By: /s/ Toni Campbell Parker (with permission)
Toni Campbell Parker (TN Bar No. 006984)
45 N. BB King Blvd., Ste. 201
Memphis, TN 38103
Phone: (901) 483-1020
Email: tparker002@att.net

***Attorney for Debtor, Omni Bag, Inc.***